Richard CLABO, Jr., Respondent,

v.

BOR–SON CONSTRUCTION CO.
and Artex, Inc., Relators,

and

Continental Loss Adjusting
Services, Intervenor.

No. C1–91–2044.

Supreme Court of Minnesota.

Feb. 21, 1992.

Larry J. Peterson, Larry J. Peterson and Associates, St. Paul, for relators.

by a medical inability to continue at the "3e" or substitute job because of the injury.

Mark G. Olive, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for respondent.

COYNE, Justice.

Certiorari was granted to review a decision of the workers' compensation court of appeals affirming the calculation of the weekly wage of a construction worker.

The employee is a bricklayer in the construction industry. While employed by Bor–Son Construction Company, he sustained a compensable injury for which he received compensation first for temporary total disability and later for temporary partial disability. Within 90 days after he returned to work full-time, he was laid off for lack of work and received monitoring period compensation until he found a job with another employer. The compensation judge calculated employee's weekly wage in accordance with the formula for the construction industry instead of the 26–week formula for irregular wages, the method used by the employer/insurer when paying benefits. Minn.Stat. § 176.011, subd. 3 (1990). On appeal, the WCCA affirmed under *Berry v. Walker Roofing Co.*, 473 N.W.2d 312 (Minn.1991).

The employer/insurer contends the construction industry provision violates the equal protection clauses of the state and federal constitutions. We think not. Here, there is a rational distinction between part-time or irregular employment and the construction industry in which full-time employment is affected by seasonal conditions. Providing a simple method for computing the wage basis in the construction industry as full-time employment, rather than averaging the wages over one-half the year is rational. It would seem the employer/insurer's challenge to the construction industry provision is more appropriately directed to the legislature for debate and deliberation. *See Moes v. City of St. Paul*, 402 N.W.2d 520, 525 (Minn.1987).

Affirmed.

The employee is awarded $400 in attorney fees.

YETKA, J., took no part in the consideration or decision of this case.